OTTO WENDE, Plaintiff, *v.* THE BOARD OF SUPERVISORS, ETC., et al., Defendants.

(Supreme Court, Erie Equity Term, April, 1921.)

Statutes — construction of — power of board of supervisors to increase salaries of county officers — County Law, § 12(5)— Laws of 1913, chap. 293.

> The legislature having failed to except from the county officers whose salaries are to be fixed by the board of supervisors under the broad conditions of section 12(5) of the County Law notwithstanding any general or special law, the office of commissioner of charities and corrections of Erie county, created by chapter 293 of the Laws of 1913 and the salary fixed thereby, it must be held that it was the legislative intent that the power to increase such salaries should remain and be exercised by the board of supervisors in its discretion, and where the manner of the exercise of such power has been lawful, the complaint in a taxpayer's action to restrain the payment of the salary will be dismissed.

TAXPAYERS' action to restrain payment of salary to a county officer.

Feldman & Feldman, for plaintiff.

Asher B. Emery, for defendant supervisors.

Lewis & Carroll, for defendant Hunt.

BROWN, J. Plaintiff challenges the power of the board of supervisors to fix the salary of the commissioner of charities and corrections of Erie county.

By chapter 293 of the Laws of 1913 the legislature created the office in question, fixing the term at six years " and the salary thereof shall be $5,000.00 per annum." .This was special legislation, applying only to Erie county. At the time of its enactment, section

12, subdivision 5, of the County Law (Laws of 1911, chap. 359) provided that boards of supervisors " Have power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employee, except a judicial officer and the mode of appointment, number and grade of the clerks, assistants or employees in any county office, notwithstanding the provisions of any general or special law fixing the amount of such salary　*　*　*; and the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer, notwithstanding any general or special law. The salary or compensation of an officer or employee elected or appointed for a definite term shall not be increased or diminished during such term."

By chapter 742 of the Laws of 1913, subdivision 5 of section 12 of the County Law, above quoted, was so amended as to give boards of supervisors power to appoint and fix the term and compensation of any appointive county officer, notwithstanding such power be given by any general or special law to some other body, commission, authority or officer.

By chapter 358 of the Laws of 1914, subdivision 5 of section 12 of the County Law, as amended by chapter 359 of the Laws of 1911 and by chapter 742 of the Laws of 1913, above referred to, was amended by adding to the excepted officer whose salary the board of supervisors did not have authority to fix " an officer or employee of a county tuberculosis hospital," and by providing that " the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer, except the authorities of a county tuberculosis hospital, notwithstanding any general or special law."

It is claimed by the defendant that chapter 742 of the Laws of 1913 and chapter 358 of the Laws of 1914,

being enactments subsequent to chapter 293 of the Laws of 1913, must be deemed to have authorized the defendant to fix the salary of the commissioner of charities and corrections of Erie county, notwithstanding the fixing of the salary by chapter 293 of the Laws of 1913, a special law.

It is contended by the plaintiff that the provisions of chapter 742 of the Laws of .1913 and chapter 358 of the Laws of 1914, being the mere adoption of the language of chapter 359 of the Laws of 1911 and of subdivision 5 of section 12 of the County Law, can not be given any force as new legislation or construed as affecting or having any application to the office of commissioner of charities and corrections of Erie county, but must be construed and treated as of force only as of the date when such language originally came into the statute by chapter 16 of .the Laws of 1909. The plaintiff asserts that section 95 of the General Construction Law peremptorily requires that such construction be given the statutes of 1913 and 1914; .that these statutes '' shall be construed as a continuation of such provisions of such prior law * * * and not as new enactments.''

Is it quite correct to say that the provisions of chapter 358 of the Laws of 1914 are simple re-enactments of chapter 359 of the Laws of 1911 and chapter 742 of the Laws of 1913? It is certain that by chapter 358 of the Laws of 1914 the power theretofore existing in boards of supervisors to fix salaries of all county officers except judicial officers was further curtailed by adding to the excepted officers, officers of tuberculosis hospitals. It is equally certain that as to those officers that chapter was new legislation. It is a new statement of the powers possessed by boards of supervisors. The power of the boards to fix salaries was changed by this statute.

It is not believed that there is such a conflict or inconsistency between the provisions of the County Law, as it existed when chapter 295 of the Laws of 1913 was enacted, and the provisions of the latter chapter as would necessarily require a decision that such subsequent enactment repeals, amends or modifies the County Law or takes away from the board of supervisors the power to increase the salary of the commissioner of charities and corrections and places the exercise of that power solely in the legislature.

By the broad provisions of the County Law (Laws of 1911, chap. 359) power is given to boards of supervisors to fix the salaries of all county officers, notwithstanding any other general or special law. Chapter 293 of the Laws of 1913 fixes the salary of defendant Hunt. Plaintiff asserts that the County Law must be deemed repealed by chapter 293 of the Laws of 1913, in so far as the power is conferred upon the board of supervisors to fix the salary of defendant Hunt; that the fixing of the salary as the sum named by chapter 293 of the Laws of 1913 withdraws from the board of supervisors all power to increase such salary at any time; and that the salary is fixed forever at the sum named unless the legislature makes some change. This repeal by implication is necessary for plaintiff's success. If the statutes can be harmonized on a workable, practical plan it is the duty of the court to so construe them. It is quite as satisfactory to adopt a solution that preserves both statutes as one that will destroy the earlier one. At the time the legislature enacted chapter 293 of the Laws of 1913 there was no county office of commissioner of charities and corrections in Erie county the salary of which could be fixed by the board of supervisors. By that chapter the office was created, and the salary fixed but not necessarily fixed forever. To say that such county

office should thereafter be controlled as to its salary by the board of supervisors under the broad powers specified in the County Law does no violence to any provision of either statute. The power of the board of supervisors under the County Law is not interfered with, curtailed or amended. The fact that when the legislature did intend to take from the board of supervisors power to fix salaries of officers of tuberculosis hospitals by chapter 358 of the Laws of 1914 it specifically excepted such officers from the exercise of the power to fix salaries, warrants the assumption that it did not intend to except the office of commissioner of charities and corrections from the officers whose salaries are to be fixed as provided by the County Law. That this construction of chapter 16 of the Laws of 1909 and chapter 359 of the Laws of 1911, which were in force when chapter 293 of the Laws of 1913 was enacted, has legislative approval and parallel will be apparent when it is sought to analyze the purpose of enacting chapter 358 of the Laws of 1914, by which the power to fix the salaries of officers of tuberculosis hospitals is expressly taken from the board of supervisors. What was the intent of the legislature in passing this act? Obviously, it was to specifically provide that the board of supervisors should not have power to fix the salaries of officers of tuberculosis hospitals. Why was it necessary to enact chapter 358 of the Laws of 1914 to express such intention? The answer is, that by chapter 16, section 12, subdivision 5, of the Laws of 1909 (Laws of 1911, chapter 359) the power was given boards of supervisors to fix the salaries of all county officers except judicial officers, notwithstanding any general or special law giving such power to any board, etc., while in chapter 341, section 47, subdivision 2, of the Laws of 1909, the board of managers of tuberculosis hospitals were given power

to fix salaries of officers and employees of such hospitals. Chapter 341 of the Laws of 1909 having been enacted subsequent to the enactment of chapter 16 of the Laws of 1909, it might be thought, in harmony with the reasoning of the plaintiff in the case at bar, that chapter 341 of the Laws of 1909 amended chapter 16 of the Laws of 1909 (the County Law) and took away from the board of supervisors such power to fix such salaries and placed such power in the board of managers. Such logic might be conclusive were it not for the fact that chapter 16 of the Laws of 1909, section 12, subdivision 5, had provided that the board of supervisors had power to fix all salaries except those of judicial officers, " notwithstanding the provisions of any general or special law  *  *  *  vesting in any other board *  *  * authority to fix * * * such salary * * * and the power hereby vested in the board of supervisors shall be exclusive. of any other board  *  *  * notwithstanding any general or special law.'' This quoted provision of chapter 16 of the Laws of 1909 was carried verbatim in chapter 359 of the Laws of 1911 and in chapter 742 of the Laws of 1913. It not being a new enactment, the legislature discovered that chapter 341 of the Laws of 1909, attempting by section 47, subdivision 2, to place the power of fixing salaries of officers of tuberculosis hospitals in the board of managers, was ineffectual because of the provisions above quoted from chapter 16 of the Laws of 1909, section 12, subdivision 5, which were in force; that such power to fix salaries of officers of tuberculosis hospitals was lodged in the board of supervisors. The only apparent way to take that power away from the board of supervisors was to enact chapter 358 of the Laws of 1914 and specifically except such officers from those officers whose

salaries the board of supervisors was authorized to fix.

If it be true that chapter 293 of the Laws of 1913 took away from the board of supervisors the power to fix the salary of defendant Hunt at a sum in excess of $5,000, which power the board theretofore had by virtue of subdivision 5 of section 12 of chapter 16 of the Laws of 1909 and 1911, and forever prevented the board of supervisors from interfering therewith, then it logically follows that the managers of tuberculosis hospitals, by virtue of chapter 341 of the Laws of 1909, had the power to fix salaries of officers of tuberculosis hospitals, and the board of supervisors had no such power. The conclusion is irresistible that the board of supervisors did have such power up to the time chapter 358 of the Laws of 1914 was enacted. There was no other purpose or object in enacting chapter 358 of the Laws of 1914.

It therefore follows that the history of section 12, subdivision 5, of the Laws of 1909, through its various amendments and reenactments, contains on its face the legislative construction that the only way the board of supervisors could lose its power to fix the salary of officers of tuberculosis hospitals was through legislation specifically excepting such officers from the broad powers granted by that section and carried on its face since its original enactment in 1909. Such legislative construction can not be ignored; its adoption solves the problem and furnishes a workable and practical plan in spite of the apparent confusion presented by the statutes.

The legislature having failed to except the office of commissioner of charities and corrections from the county officers whose salaries are to be fixed by the board of supervisors under the broad provisions of section 12, subdivision 5, of the County Law, notwith-

standing the provisions of any general or special law, the conclusion is reached that the legislature intended that the power to increase the salary of the defendant Hunt as commissioner of charities and corrections should remain in and be exercised by the board of supervisors in its discretion.

The manner of the exercise of that power has been lawful. The defendants must have judgment dismissing plaintiff's complaint, with costs.

Judgment for defendants.